## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Graylon D. Bell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 23, 2016<br><br>Court of Appeals Case No.<br>84A04-1511-CR-1851<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1308-FC-2405 |

**Vaidik, Chief Judge.**

# Case Summary

[1] The trial court revoked Graylon D. Bell's probation and ordered him to serve his entire suspended sentence in the Indiana Department of Correction. Bell now appeals contending that the trial court abused its discretion by ordering him to serve "the maximum sentence." Appellant's Br. p. 6. Given Bell's extensive criminal history and numerous probation violations, we conclude that the trial court did not abuse its discretion when it ordered Bell to serve his entire suspended sentence in the DOC for violating his probation merely four months after being released from the DOC. We therefore affirm.

# Facts and Procedural History

[2] In August 2013, the State charged Bell with Class C felony intimidation and with being a habitual offender. Bell and the State entered into a plea agreement. Pursuant to that agreement, Bell pled guilty to intimidation and admitted being a habitual offender. The trial court, in accordance with the plea agreement, sentenced Bell to an aggregate term of ten years, with four years executed at the DOC, six years suspended, and a minimum of two years on probation. Appellant's App. p. 168.

[3] Bell was released from the DOC in April 2015 and signed his probation conditions in June 2015. Then, in August 2015, the probation department filed a notice of probation violation. The notice alleged that Bell violated his probation for (1) committing a new offense (domestic battery) on August 19; (2)

failing to report a change of address within forty-eight hours; and (3) missing a probation appointment on August 12. Following a hearing, the trial court found that Bell violated his probation for all three reasons. *Id.* at 189. The trial court then revoked Bell's probation and ordered him to serve "the remainder of his suspended sentence of six (6) years" in the DOC. *Id.* at 192.

[4] Bell now appeals.

# Discussion and Decision

[5] Bell contends that the trial court abused its discretion by ordering him to serve his entire suspended sentence in the DOC for violating his probation. Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable under the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[6] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is proven, then the trial court must decide whether the violation warrants revocation of probation. *Id.*

If the trial court finds that the probationer violated a condition of probation at any time before the probationary period ended, then the court may:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

On appeal, Bell does not contest that he violated the terms of his probation; instead, he argues that the trial court abused its discretion by ordering him to serve "the maximum sentence of 6 years." Appellant's Br. p. 6. He claims that "a shorter period of incarceration followed by placement in a community corrections program would have been a more appropriate disposition in this case." *Id.* at 7-8.

As Bell concedes, he has "a lengthy criminal history." *Id.* at 7. This history, which comprises nine pages of his PSI, includes convictions for, among other things, disorderly conduct, criminal conversion, child molesting, criminal trespass, battery, battery by means of a deadly weapon, theft, rape, invasion of privacy, stalking, operating a vehicle as an HTV, failure to return to lawful detention, and residential entry. In addition, also as Bell concedes, he has violated probation numerous times. Given Bell's extensive criminal history and

failed probations, the trial court acted well within its discretion when it ordered Bell to serve his entire suspended sentence in the DOC for violating his probation, again, by committing yet another crime merely four months after being released from the DOC.

[9] Affirmed.

Barnes, J., and Mathias, J., concur.